(February 7, 1977)

■ AETNA CASUALTY AND SURETY COMPANY, Appellant, v WILLIAM J. HAMBLY et al., Defendants, and MICHAEL A. GURDA et al., Respondents. AETNA CASUALTY AND SURETY COMPANY, Appellant, v WILLIAM J. HAMBLY et al., Defendants, and MICHAEL A. GURDA et al., Respondents. AETNA CASUALTY AND SURETY COMPANY, Appellant, v WILLIAM J. HAMBLY et al., Defendants, and DORIS F. HAMBLY et al., Respondents.—In actions, inter alia, to set aside certain conveyances allegedly made in fraud of creditors, these cross appeals are from an order of the Supreme Court, Orange County, dated September 8, 1976, which (1) dismissed certain defenses asserted in the three actions herein, (2) failed to dismiss the twelfth defense interposed by defendant Doris Hambly with respect to the action bearing Index No. 3779/ 1973 and (3) denied, with leave to renew, the application to disqualify Michael M. Platzman, Esq., as attorney for certain of the defendants. Order modified, on the law, by deleting from the third decretal paragraph thereof the words: "are dismissed as being without merit, the 'TWELFTH' not being dismissed," and substituting therefor the following: "and TWELFTH are dismissed as being without merit". As so modified, order affirmed, with one bill of costs to plaintiff payable by appellants-respondents jointly. The affirmative defenses asserted in the three similar actions herein were properly dismissed for the reasons set forth in the opinion at Special Term. However, the twelfth affirmative defense of Doris F. Hambly in the action bearing Index No. 3779/73, which was preserved by Special Term, should also have been dismissed. It alleges estoppel (as a defense to an action alleging fraudulent conveyances) based on the allegation that plaintiff, as a judgment creditor, orally promised Mrs. Hambly, one of the judgment debtors, to abstain from collection of the judgment as against her "in consideration of the furnishing of certain data," and that she "believed such false and fraudulent representations and relied thereon." The absence in the record of any indication as to how she possibly could have been damaged thereby requires dismissal of this affirmative defense. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

—In actions, *inter alia,* to set aside certain conveyances allegedly made in fraud of creditors, plaintiff appeals from an order of the Supreme Court, Orange County, entered September 14, 1976, which, *inter alia,* granted respondent's motion for a protective order to the extent of requiring plaintiff "to pay the expenses of defendant Hambly in the event that plaintiff insists on examining that Florida resident in this jurisdiction". Order affirmed, with $50 costs and disbursements. The examination of respondent, in the event that plaintiff does not choose to proceed by written interrogatories, shall proceed at such time and place as shall be fixed in a written notice of not less than 20 days, to be given by plaintiff, or at such other time and place as the parties may agree. The time within which such notice may be served is extended until 14 days after entry of the order to be made hereon. It was a proper exercise of discretion for Special Term to condition the oral deposition of defendant William J. Hambly in New York upon the payment by plaintiff of his traveling expenses from and to Florida. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.